THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFERY GRANT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br><br>　　　　　　Defendant. | CASE NO. C12-5339-JCC<br><br>ORDER ADOPTING AND MODIFYING THE REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 15), the Plaintiff's objections (Dkt. No. 16), and the Defendant's response (Dkt. No. 17). Having thoroughly considered the parties' briefing, the Report and Recommendation, and the relevant record, the Court hereby ADOPTS and MODIFIES the Report and Recommendation (Dkt. No. 15) for the reasons explained below.

I.    BACKGROUND

The Commissioner denied Plaintiff Jeffery Grant ("Plaintiff") Supplemental Security Income and Disability Insurance Benefits, finding at Step Five of the sequential disability analysis that Plaintiff has the residual functional capacity to perform work available in the national market. (Dkt. No. 15 at 2.) Plaintiff sought review and his complaint was referred to United States Magistrate Judge Brian A. Tsuchida, (Dkt. No. 6.), who issued a Report and Recommendation, (Dkt. No. 15) ("R&R"). The R&R recommends that: (1) the case be reversed

and remanded to correct the ALJ's error in assessing the opinions of Dr. Daniel Neims; (2) the ALJ's assessment of the opinions of Dr. William J. Charlstrom be affirmed; and (3) the ALJ's determination that Plaintiff was not fully credible be affirmed. (Dkt. No. 15.)

## II. DISCUSSION

On December 27, 2012, Plaintiff filed objections to the R&R arguing that the ALJ's determination that Plaintiff was less than fully credible should also be reversed. (Dkt. No. 16.)

### A. Timeliness of Objections

A party is required to file written objections to the proposed findings in a magistrate judge's report and recommendation within fourteen days after being served with a copy of the report and recommendation. 28 U.S.C. § 636(b)(1). The computing time for a timely objection "count[s] every day, including intermediate Saturdays, Sundays, and legal holidays." Fed. R. Civ. P. 6(a)(1)(B). When the last day on which an action must be taken falls on a legal holiday, the time in which to take the action is extended to the next business day. *Id.*

The R&R correctly advised the parties that objections "must be filed and served no later than December 26, 2012." (Dkt. No. 15.) Plaintiff's objections were filed on December 27, 2012. (Dkt. No. 16.) The Court recognizes that December 24[1] and 25 were holidays but December 26 was not. Therefore, Plaintiff's objections were untimely. In its response to Plaintiff's objections, however, the Government makes no argument regarding the timeliness of the objections. The Court has considered the untimely objections and reviewed *de novo* the portions of the R&R to which Plaintiff objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### B. Merits of the Objections

Plaintiff asks the Court to adopt the portion of the R&R that reverses and remands the case to the Commissioner for further consideration of Dr. Neims' medical opinions but to modify

---

[1] The Court considers December 24, 2012 to have been a holiday because the courthouse was closed that day.

the R&R by also remanding for reconsideration of Plaintiff's credibility. The R&R concludes that the ALJ erred "to the extent that the ALJ discounted Mr. Grant's testimony on the grounds [that] Mr. Grant wanted to obtain or retain benefits." (Dkt. No. 15 at 9.) The R&R recommends affirming the ALJ's credibility finding, however, because the evidence in the record of Plaintiff's activities is inconsistent with the impairments he described at the hearing, because his testimony regarding why he withdrew from welding school was equivocal and because his testimony about symptoms was not supported by the medical evidence in the record. (*Id.*) Plaintiff's objection is that the R&R upholds the ALJ's adverse credibility finding for reasons that the ALJ did not give. (Dkt. No. 16 at 4.)

A court will only reverse the ALJ's decision if it was "not supported by substantial evidence in the record as a whole or the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). When the evidence is susceptible to more than one rational interpretation," a court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Id.* at 1111. If the ALJ makes no finding that claimant was malingering, the ALJ is "required to give clear and convincing reasons in support of his adverse credibility finding." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). Moreover, the court is constrained to review the reasons the ALJ asserts for his decision and cannot "affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

The ALJ stated that Plaintiff had "limited motivation for returning to work, as further discussed below." (Tr. at 21.) He went on to find the following:

> The claimant was not believable as to the extent of his alleged functional limitations . . . .
> The claimant's motivation seems to be to maintain the benefits of free medical coverage, housing, food, and a welfare check instead of completing his vocational training in welding and becoming gainfully employed. The claimant had been making progress in the welding program but dropped out on November 8. At the November 30, 2010, hearing he testified that after quiting [sic] the welding program that was paid for by Financial Aid, he still receives welfare

ORDER ADOPTING AND MODIFYING THE
REPORT AND RECOMMENDATION
PAGE - 3

payments and has shelter and food. He said it was easier for him to attend school than to go to work. He felt safe and comfortable living at Oxford House, a clean and sober facility.

(Tr. at 24.) The ALJ also found that Plaintiff "did not leave the [welding] program due to his perceived concentration difficulties." (Tr. at 22.)

The R&R correctly states that a claimant's desire to obtain benefits, standing alone, is not a sufficient basis to discredit the claimant's testimony because every applicant hopes to obtain benefits. *See Ratto v. Sec'y, Dep't Health & Human Svcs.*, 839 F. Supp. 1415, 1428–29 (D. Or. 1993). But, it is permissible for an ALJ to discount a claimant's testimony based on a finding, supported by substantial evidence, that a claimant has decided to not to pursue paths to employment that he was capable of pursuing because doing so might jeopardize his eligibility for benefits. *C.f. Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (claimant's statement that he left his job because he was laid off, rather than because he was injured, combined with his failure to seek treatment was sufficient reason to disregard his pain testimony). Taken together, the above-quoted portions of the ALJ's decision reflect the ALJ's finding that Plaintiff left the welding program because he thought completing the program would jeopardize his eligibility for benefits and not for any other reason. This is a clear and convincing reason to discount Plaintiff's testimony about his limitations and it is supported by substantial evidence in the record.

As the R&R explains, Plaintiff did not provide a meaningful explanation for his withdrawal from the vocational welding school where he had previously been successful. (Dkt. No. 15 at 11.) When the ALJ asked Plaintiff why he dropped out of the welding school, Plaintiff first said "I just -- I don't know." (Tr. at 64.) When the ALJ asked Plaintiff if getting off "Welfare" and "disability" was his goal, Plaintiff said: "Yeah, I, I thought so." (Tr. at 66.) When the ALJ asked Plaintiff what he was doing to get himself employed he said: "Right now, nothing." (*Id.*) Finally, when the ALJ asked a second time why Plaintiff had quit the welding program, Plaintiff responded: "Well, like I said that I didn't think that the manufacturing was a very good fit for me." (Tr. at 67.) Later, when his attorney asked Plaintiff whether he had started

taking medication for anxiety, he said that he had. (Tr. at 69–70.) He also said he thought the medication had made his focus and concentration worse and "I think that it *possibly may* have something to do with me deciding to drop out of school." (Tr. at 70 (emphasis added).) Plaintiff's testimony is substantial evidence that supports the ALJ's conclusion that Plaintiff did not withdraw from the welding school because of difficulties with concentration or focus (Tr. at 22). Although it is possible to draw other conclusions from Plaintiff's testimony, the Court must accept reasonable inferences that the ALJ draws from the evidence. *See Molina*, 674 F.3d at 1111; *see also* Dkt. No. 5 at 11.

The R&R says that the ALJ found that Plaintiff's success in the welding program, including making it on to the dean's list, his active involvement in AA, and his leadership position at Oxford House were inconsistent with the impairments he described. (Dkt. No. 15 at 9.)  While there was substantial evidence to support that conclusion, Plaintiff is correct that the ALJ did not in fact give it as a reason for discounting his testimony. Accordingly, the Court cannot rely on that reason to affirm the ALJ's credibility determination. *See Connett*, 340 F.3d at 874. The Court does not adopt the reasoning of the R&R found at page 9, lines 18–21. Nonetheless, for the reasons previously set forth, the Court adopts the R&R's conclusion that the ALJ's credibility finding was supported by substantial evidence.

## III.  CONCLUSION

Therefore, after careful consideration of the parties' briefing, the Report and Recommendation, and the relevant record, the Court does hereby find and ORDER:

(1)  The Court **ADOPTS** the Report and Recommendation as **MODIFIED** by this order. (Dkt. No. 15.)

(2)  The Commissioner's decision is **REVERSED** and the case is **REMANDED** to the Social Security Administration for further proceedings consistent with the Report and Recommendation and this order.

1  (3)  The Clerk of the Court is directed to send copies of this Order to the parties and to

2       the Magistrate Judge Brian A. Tsuchida.

3

4  DATED this 12th day of February 2013.

<br/>

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING AND MODIFYING THE
REPORT AND RECOMMENDATION
PAGE - 6